IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| POWER OF THE PEN<br>c/o BDB Agent Co., Registered Agent<br>3800 Embassy Parkway, Suite 300<br>Akron, OH 44333<br><br>   Plaintiff,<br><br>vs.<br><br>UNITED FELLOWSHIP OF THE PEN,<br>INC. dba PENOHIO<br>c/o Thomas J. Merrill, Registered Agent<br>187 Castle Boulevard<br>Akron, OH 44313<br><br>and<br><br>43 East Market Street, Suite 302<br>Akron, OH 44308<br><br>and<br><br>THOMAS J. MERRILL<br>187 Castle Boulevard<br>Akron, OH 44313<br><br>and<br><br>43 East Market Street, Suite 302<br>Akron, OH 44308<br><br>and<br><br>CITIZEN X INCORPORATED<br>dba PENOHIO<br>c/o Thomas J. Merrill, Registered Agent<br>P. O. Box 13291<br>Akron, OH 44334 | Case No.:<br><br>Judge:<br><br>**COMPLAINT**<br><br>(Trademark Infringement, Trademark Dilution, Unfair Competition, Tortious Interference with Business Relationships, Misappropriation of Trade Secrets) |

AK3:1298517_v5

| | |
|---|---|
| and | ) |
| | ) |
| 42 East Market Street, Suite 302 | ) |
| Akron, OH 44308 | ) |
| | ) |
| Defendants. | ) |

Plaintiff, Power of the Pen ("Plaintiff" or "Power of the Pen"), for its Complaint against Defendants, United Fellowship of the Pen, Inc. dba PenOhio ("UFP"), Citizen X Incorporated dba PenOhio ("Citizen X") and Thomas J. Merrill ("Thomas Merrill") (collectively, "Defendants") alleges as follows:

## PARTIES

1. Power of the Pen is a non-profit corporation incorporated and existing under the laws of the State of Ohio and having a principal place of business in the County of Summit, State of Ohio.

2. Upon information and belief, UFP is a non-profit corporation incorporated and existing under the laws of Ohio and having a principal place of business in the County of Summit, State of Ohio.

3. Upon information and belief, Citizen X is a non-profit organization incorporated and existing under the laws of Ohio and having a principal place of business in the County of Summit, State of Ohio.

4. Upon information and belief, Thomas Merrill is a resident of the County of Summit, State of Ohio and can be served at 187 Castle Boulevard, Akron, Ohio 44313.

2

AK3:1298517_v5

## JURISDICTION AND VENUE

5. Through this Complaint, Plaintiff asserts claims against Defendants that arise under the Lanham Act of 1946, as amended, 15 U.S.C. § 1051, *et seq.* and Ohio common law.

6. The Court has original subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1338(a). The Court has supplemental subject matter jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

7. The Court has personal jurisdiction over Defendants in that Defendants are incorporated and/or created or have their principal place of business or residence in the State of Ohio.

8. Venue is proper in the United States District Court for the Northern District of Ohio pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(a) as: (a) this is a judicial district in which a substantial part of the events giving rise to the claims occurred; (b) this is a judicial district in which Defendants reside or have their principal place of business; and (c) this is a judicial district in which Defendants may be found, and there is no judicial district in which the action may otherwise be brought.

## POWER OF THE PEN AND ITS MARKS

9. Power of the Pen was founded in 1986 by its then Executive Director, Lorraine B. Merrill, and grew to become one of Ohio's largest educational enhancement programs for students. Power of the Pen provides interscholastic writing tournament competitions for school students throughout Ohio and also provides writing materials and tools to assist teachers. Fees are charged by Power of the Pen for its goods and services.

10. Power of the Pen promotes these goods and services using, inter alia, the POWER OF THE PEN name and a design featuring the POWER OF THE PEN name with a drawing of a fountain pen tip (collectively, the "POWER OF THE PEN Marks").

11. Power of the Pen has exclusively used the POWER OF THE PEN Marks in connection with its goods and services, has made the POWER OF THE PEN Marks the subject of substantial advertising and promotion throughout Ohio, and, as a result, has ensured that the POWER OF THE PEN Marks are widely recognized by schools, teachers and students and others in the trade as unique signifiers of Power of the Pen's goods and services.

12. The POWER OF THE PEN Marks are the subject of registration numbers 2220597 and 2222917 on the Principal Register of the United States Patent and Trademark Office, as shown on **Exhibit A** attached hereto and incorporated by reference herein. Said registrations remain active and valid.

## NATURE OF THE CASE

13. Plaintiff brings this action to put a stop to Defendants' unfair competition with Plaintiff arising from Defendants' willful infringement and dilution of Plaintiff's POWER OF THE PEN Marks. Plaintiff's POWER OF THE PEN Marks embody the goodwill and repute of Power of the Pen.

14. Defendant, Thomas Merrill is the principal in UFP and Citizen X and is the son of Power of the Pen's founder, Lorraine B. Merrill and Frank R. Merrill.

15. In April 2017, Thomas Merrill made a proposal to Lorraine and Frank Merrill to take control of Power of the Pen, which was not accepted by Lorraine and Frank Merrill or Power of the Pen's Board of Directors.

16. Defendants have engaged in trademark infringement, unfair competition and tortious interference with Power of the Pen's business relationships to falsely present a relationship with Power of the Pen in connection with identical or similar goods and services, which is likely to and has actually confused consumers.

17. Defendants are utilizing a confusingly similar design to the POWER OF THE PEN Marks to promote interscholastic writing tournament competitions for middle school and high school students in Ohio and to provide writing materials and tools to assist teachers. A true and correct copy of the design Defendants are utilizing, consisting of the text, "PENOHIO" and featuring a drawing of a fountain pen tip (the "Infringing Design"), is attached hereto as **Exhibit B** and incorporated by reference herein.

18. The POWER OF THE PEN Marks and the Infringing Design are sufficiently related so as to travel through the same channels of trade and be encountered by the same class of consumers who will mistakenly believe the services and materials come from a single source.

19. Defendants' Infringing Design is confusingly similar in appearance, sound, connotation and overall commercial impression with the POWER OF THE PEN Marks.

20. Defendants have also misrepresented to Plaintiff's clients and potential clients that Defendants are a successor to or affiliated with Plaintiff's goods and services.

21. Defendants are not authorized to use Plaintiff's POWER OF THE PEN Marks or to otherwise claim they are an authorized supplier of, or affiliated with, or sponsored or endorsed by, Plaintiff.

22. Upon information and belief, Defendants' goods and services are of substantially inferior quality as compared to Plaintiff's own goods or services such that Plaintiff's POWER OF THE PEN Marks will likely suffer negative associations through Defendants' unauthorized

use. Consequently, consumers may wrongly associate Plaintiff with Defendants' goods and services due to Defendants' unauthorized use of the POWER OF THE PEN Marks.

23. Defendants' infringing use of Plaintiff's POWER OF THE PEN Marks to falsely present a relationship with Plaintiff in connection with identical or similar goods and services, is likely to confuse consumers. The identity between Plaintiff's POWER OF THE PEN Marks and the mark used by Defendants will lead reasonably prudent consumers to conclude that Defendants' materials and programs were exclusively or jointly developed by, licensed, sponsored or certified by, or are otherwise associated or affiliated with Plaintiff. Consumers are likely to be misled as to the source, sponsorship, or affiliation of Defendants' goods and services.

24. Defendants are aware of Plaintiff's rights arising under the trademark and unfair competition law but refuse to respect them. To wit: Defendant Thomas Merrill, as the son of the founder of Power of the Pen, has long been aware of Power of the Pen's trademarks. Plaintiff also contacted Defendants by letter to their counsel and verbally with their counsel in November 2017 and earlier and demanded that Defendants cease and desist the infringing use of Plaintiff's POWER OF THE PEN Marks.

25. Notwithstanding this fact, Defendants have failed to stop using the POWER OF THE PEN Marks, and continue to falsely promote themselves as related to or affiliated with Plaintiff.

26. Upon information and belief, Defendants have intentionally and with knowledge sought to cause consumer confusion, mistake, and deception through the continued use of the POWER OF THE PEN Marks.

27. Accordingly, in this action Plaintiff seeks to enjoin Defendants from using Plaintiff's POWER OF THE PEN Marks in connection with their goods and services and from falsely claiming association with, or sponsorship or endorsement by Plaintiff.

## FIRST CLAIM FOR RELIEF
## (TRADEMARK INFRINGEMENT UNDER LANHAM ACT § 32)

28. Plaintiff realleges the allegations contained in paragraphs 1 through 27, inclusive, of this Complaint as though fully set forth herein.

29. Defendants have infringed and are infringing Power of the Pen's federally registered POWER OF THE PEN marks by virtue of their use of the POWER OF THE PEN marks in connection with promoting and supplying writing tournaments and writing materials. Upon information and belief, such conduct has caused consumer confusion as to Power of the Pen's association with, affiliation with, or sponsorship of Defendants' goods and services.

30. Defendants' conduct constitutes trademark infringement pursuant to 15 U.S.C. § 1114(1). Upon information and belief, Defendants' conduct was intended to cause confusion, has caused confusion, and will continue to cause confusion unless enjoined.

31. Upon information and belief, Defendants had knowledge of Power of the Pen's Registration of the POWER OF THE PEN Marks at least as early as March, 1998, thereby making Defendants' infringement of the POWER OF THE PEN Marks willful.

32. For each completed act of trademark infringement, Power of the Pen is entitled to recover its actual damages as well as Defendants' profits from such infringement.

33. Monetary relief alone is not adequate to address fully the irreparable injury that Defendants' illegal actions have caused and will continue to cause Power of the Pen if not

enjoined. Power of the Pen is therefore also entitled to preliminary and permanent injunctive relief to stop Defendants' ongoing infringement of the registered POWER OF THE PEN Marks.

## SECOND CLAIM FOR RELIEF
## (TRADEMARK DILUTION UNDER LANHAM ACT § 43(c))

34. Plaintiff realleges the allegations contained in paragraphs 1 through 33, inclusive, of this Complaint as though fully set forth herein.

35. Plaintiff's POWER OF THE PEN Marks are famous and distinctive and Plaintiff has developed and maintained substantial secondary meaning in the POWER OF THE PEN Marks.

36. Plaintiff has exclusively used the famous POWER OF THE PEN Marks in connection with its materials and services, has made the POWER OF THE PEN Marks the subject of substantial advertising and promotion, and, as a result, has ensured that the POWER OF THE PEN Marks are widely recognized by consumers and those in the education trade as a unique signifier of Plaintiff's goods and services.

37. Upon information and belief, Defendants have diluted and are diluting Plaintiff's POWER OF THE PEN Marks by tarnishment by virtue of their use of the POWER OF THE PEN Marks in connection with Defendants' inferior goods and services. Defendants' acts have lessened the capacity of Plaintiff's famous the POWER OF THE PEN Marks to identify and distinguish the goods and services of Power of the Pen. Upon information and belief, Defendants' conduct has tarnished the unique association that has heretofore existed between Plaintiff's the POWER OF THE PEN Marks and Plaintiff's educational goods and services.

38. Defendants' conduct constitutes trademark dilution pursuant to 15 U.S.C. § 1125(c). Inasmuch as Defendants knew of Power of the Pen's Registrations since as early as

March, 1998, Defendants committed the acts alleged above willfully and with the intent to trade on the reputation of Power of the Pen and to cause dilution of Plaintiff's famous POWER OF THE PEN Marks.

39. Monetary relief alone is not adequate to address fully the irreparable injury that Defendants' illegal actions have caused and will continue to cause Plaintiff if not enjoined. Plaintiff is therefore entitled to preliminary and permanent injunctive relief to stop Defendants' ongoing dilution of Plaintiff's registered and famous POWER OF THE PEN Marks.

### THIRD CLAIM FOR RELIEF
### (UNFAIR COMPETITION UNDER LANHAM ACT § 43(a))

40. Plaintiff realleges the allegations contained in paragraphs 1 through 39, inclusive, of this Complaint as though fully set forth herein.

41. Defendants have infringed and are infringing Plaintiff's federally registered POWER OF THE PEN trademarks by virtue of their use of the POWER OF THE PEN Marks in connection with their educational goods and services. Upon information and belief, such conduct has caused consumer confusion as to Power of the Pen's association with, affiliation with, or sponsorship of Defendants' goods and services.

42. Defendants' conduct constitutes unfair competition pursuant to 15 U.S.C. § 1125(a). Upon information and belief, Defendants' conduct was intended to cause confusion, has caused confusion, and will continue to cause confusion unless enjoined.

43. For each completed act of unfair competition, Plaintiff is entitled to recover its actual damages as well as Defendants' profits from such conduct.

44. Monetary relief alone is not adequate to address fully the irreparable injury that Defendants' illegal actions have caused and will continue to cause Plaintiff if not enjoined.

Plaintiff is therefore also entitled to preliminary and permanent injunctive relief to stop Defendants' ongoing unfair competition.

## FOURTH CLAIM FOR RELIEF
## (COMMON LAW UNFAIR COMPETITION)

45. Plaintiff realleges the allegations contained in paragraphs 1 through 44, inclusive, of this Complaint as though fully set forth herein.

46. The actions of Defendants complained of herein constitute unfair competition under the common law of the State of Ohio.

47. Upon information and belief, Defendants' actions have caused and will likely continue to cause confusion, mistake, and deception among consumers.

48. Defendants' unfair competition has caused and will continue to cause damage to Plaintiff, including irreparable harm for which there is no adequate remedy at law.

49. As a consequence of Defendants' unfair competition, Plaintiff is entitled to damages and preliminary and permanent injunctive relief ordering Defendants to cease this unfair competition.

## FIFTH CLAIM FOR RELIEF
## (TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS)

50. Plaintiff realleges the allegations contained in paragraphs 1 through 49, inclusive, of this Complaint as though fully set forth herein.

51. Defendants tortuously interfered with Plaintiff's business relationships and prospective business relationships by misrepresenting to Plaintiff's clients and prospective clients that Defendants were in association with, affiliation with, were sponsored by or were a successor to Power of the Pen in Defendants' sales and supply of goods and services.

52. Defendants wrongfully obtained Plaintiff's client, marketing, and funding contact lists and utilized them to contact Plaintiff's clients, potential clients, and funders to tortuously interfere with Plaintiff's business relationships and prospective business relationships.

53. Defendants tortuously interfered with Plaintiff's business relationships and prospective business relationships by marketing Defendants' products and falsely representing to prospective customers and funders that Defendants' products were being sold in association with, affiliation with, were sponsored by or were a successor to Power of the Pen.

54. As a direct and proximate result of Defendants' tortious interference, Plaintiff has sustained direct, incidental and consequential damages in an amount not yet ascertained, but believed to be in excess of $25,000, as will be shown more fully at the trial of this matter.

## SIXTH CLAIM FOR RELIEF
## (MISAPPROPRIATION OF TRADE SECRETS)

55. Plaintiff realleges the allegations contained in paragraphs 1 through 54, inclusive, of this Complaint as though fully set forth herein.

56. Defendants wrongfully obtained confidential information from Plaintiff, including but not limited to, client, marketing, and funding contact lists, and other materials which constitute trade secrets as defined by Ohio's Uniform Trade Secrets Act, R.C. § 1333.61 (collectively, "Trade Secrets").

57. Plaintiff's Trade Secrets are of distinct financial and strategic importance to Plaintiff, have independent economic value from not being generally known, are not known to third parties absent express protective covenants, and are the subject of reasonable efforts to maintain their confidentiality and secrecy, such as through the use of nondisclosure agreements.

58. Defendants acquired Plaintiff's Trade Secrets by improper means, including but not limited to theft and misappropriation.

59. Defendants misappropriated Plaintiff's Trade Secrets for their own benefit and to Plaintiff's detriment.

60. Defendants' actions were willful and malicious.

61. As a result of Defendants' misappropriation of Plaintiff's Trade Secrets, Plaintiff has suffered and will continue to suffer substantial monetary harm and financial loss, as well as loss of competitive advantage in the marketplace, and loss of goodwill, in an amount to be determined at trial but believed to be in excess of $25,000, together with interest, costs, and attorneys' fees.

62. Plaintiff is entitled to punitive damages of three times its actual damages pursuant to R.C. § 1333.63 and recovery of its costs and attorneys' fees pursuant to R.C. § 1333.64.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Power of the Pen respectfully requests judgment from this Court jointly and severally against Defendants, United Fellowship of the Pen, Inc. dba PenOhio, Citizen X Incorporated dba PenOhio, and Thomas J. Merrill:

A. That Defendants, their agents, partners, servants, employees, officers, attorneys, managers, successors and assigns, and all persons acting in concert with or on behalf of them be restrained and enjoined preliminarily and permanently from:

    i. Using the POWER OF THE PEN Marks, or any substantially similar version thereof, or committing any other act that falsely represents or that has the effect of falsely representing that the goods and services of Defendants are licensed by, authorized by, offered by, produced by, sponsored by, or in any way associated or affiliated with Plaintiff;

        ii.      Otherwise infringing Plaintiff's POWER OF THE PEN Marks and trade dress; and

        iii.     Unfairly competing with Plaintiff; and

        iv.     Using Plaintiff's trade secrets;

B.    That Defendants be required to account to Plaintiff for all gains, profits, and advantages derived from its acts of infringement and for its other violations of law;

C.    That Defendants be required to pay to Plaintiff the actual damages, in an amount to be determined at trial, that Plaintiff has suffered by Defendants' infringement of the POWER OF THE PEN Marks as well as any profits derived by Defendants from their infringement;

D.    That Defendants be ordered to pay to Plaintiff an award of treble damages as provided by § 35(a) of the Lanham Act;

E.    That Defendants be ordered to pay to Plaintiff direct, incidental and consequential damages as a direct and proximate result of Defendants' tortious interference, in an amount not yet ascertained, but believed to be in excess of $25,000, as will be shown more fully at the trial of this matter;

F.    That Defendants be ordered to pay to Plaintiff direct, incidental and consequential damages as a direct and proximate result of Defendants' misappropriation of trade secrets, in an amount not yet ascertained, but believed to be in excess of $25,000, as will be shown more fully at the trial of this matter, together with punitive damages of three times Plaintiff's actual damages pursuant to R.C. § 1333.63 and recovery of costs and attorneys' fees pursuant to R.C. § 1333.64;

G. That Defendants be ordered to pay to Plaintiff its costs of suit incurred herein;

H. That Defendants be ordered to pay to Plaintiff its attorneys' fees reasonably incurred in this action; and,

I. To award Plaintiff such other and further relief as this Court deems just and proper.

Dated: <u>December 14, 2018</u>                               Respectfully submitted,

<div style="margin-left:3em;">

<u>/s/ David J. Hrina</u>
John F. Hill (No. 0039675)
David J. Hrina (No. 0072260)
Matthew Duncan (No. 0076420)
BUCKINGHAM, DOOLITTLE & BURROUGHS, LLC
3800 Embassy Parkway, Suite 300
Akron Ohio, 44333
Telephone: (330) 376-5300
Facsimile: (330) 258-6559
JHill@BDBLaw.com
DHrina@BDBLaw.com
MDuncan@BDBLaw.com

*Attorneys for Plaintiff, Power of the Pen*

</div>